```
IN THE UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| IN RE MILDRED B. COLE | ) | |
| Debtor, | ) | |
| MILDRED B. COLE | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:15-mc-00017-SHM-dkv |
| INSOUTH BANK, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation on Motion to Dismiss Complaint filed by United States Bankruptcy Judge Jennie D. Latta on January 7, 2015. (ECF No. 1.) The Bankruptcy Judge recommends that Plaintiff Mildred B. Cole's Complaint "be dismissed without prejudice to amendment." (Id. at 17.) Plaintiff's objection was filed on January 26, 2015. (ECF No. 3.) Defendant responded on February 19, 2015. (ECF No. 4.)

For the reasons below, the Court ADOPTS the proposed findings of fact and conclusions of law set out by the Bankruptcy Judge in the Report and Recommendation. Plaintiff's claims are DISMISSED without prejudice.

## I. Background

Before 2004, Plaintiff Mildred Cole and her husband, Charles Cole, African-American residents of Brownsville, Tennessee, invested in real estate. (Compl. ¶ 1, In re Mildred B. Cole, No. 13-24387, (Bankr. W.D. Tenn.), ECF No. 35.) In 2004, Defendant InSouth Bank refinanced loans and made new loans to Plaintiff and her husband for the purchase of rental properties. (Id. ¶ 10.)

The properties were allegedly personal investments intended for long-term rentals. (Id. ¶ 14.) Despite knowing their intended purpose, Defendant allegedly financed the properties with short-term loans, which were "flipped" repeatedly. (Id. ¶ 16.) Because of the serial short-term financing, the Coles were unable to acquire equity in their properties. (Id. ¶ 19.) Their loan balances grew from approximately $90,000 to more than $300,000, and their monthly payments increased from $1,592 a month in 2005 to approximately $3,117 in 2011. (Id. ¶¶ 20-21.) The loans were evidenced by balloon notes with maturity dates within two to five years. (Id. ¶ 22.) Defendant allegedly knew the Coles would be unable to pay the loans on maturity. (Id. ¶ 23.)

In 2011, the Coles' daughter met with a Memphis branch InSouth Bank loan officer, who said the Coles "should be able to" convert their notes to a long-term, fully amortized loan. (Id.

¶¶ 30-32.) Later, a Brownsville branch InSouth Bank loan officer informed the Coles that the bank could not convert the loans "because the bank did not maintain long-tern debts in its portfolio or service them." (Id. ¶ 33.) Defendant also informed the Coles that "the loans could not be refinanced because of loan to collateral ratios and an insufficient income stream." (Id. ¶ 34.) The Coles allege that, contrary to the loan officer's statement, InSouth Bank "does sometimes make long-term loans for investor-owned houses and duplexes." (Id. ¶ 35.)

Defendant offered to refinance the Coles' loans in exchange for a security interest in the Coles' home and a laundromat they owned. (Id. ¶ 37-38.)

As the result of pressure by Defendant, Mildred Cole agreed to surrender an apartment building for sale to reduce the outstanding debt. (Id. ¶¶ 41-42.) Mildred Cole asserts that she "believes" the building was sold for much less than its fair market value. (Id. ¶ 43.)

Defendant continued to deduct loan payments from a bank account that the Coles maintained at InSouth bank, which contained rents and other revenues from properties. In November 2011, however, Defendant stopped deducting payments and began foreclosure proceedings because the Coles refused to provide additional collateral. (Id. ¶¶ 46-50.) The Complaint alleges that Defendant has refused to negotiate in good faith with the Coles be-

3

cause they are African-American and their properties are in identifiably African-American neighborhoods. (Id. ¶ 52.)

Plaintiff filed the Complaint in her Chapter 13 bankruptcy proceeding on June 5, 2013. (Id.) Plaintiff contemporaneously filed a motion for temporary restraining order. (In re Cole et al. v. InSouth Bank, Adv. Pro. No. 13-00247, (Bankr. W.D. Tenn.), ECF No. 3.) The Bankruptcy Court granted the preliminary injunction contingent on Plaintiff's meeting with Defendant's counsel. (Id., ECF No. 23.) Plaintiff failed to satisfy the conditions for a preliminary injunction, and the Bankruptcy Court permitted Defendant to pursue its state law remedies. (Id., ECF No. 25.)

On October 9, 2014, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim. (Id., ECF No. 42.) Plaintiff responded on November 11, 2014. (Id., ECF No. 48.) Defendant filed its reply on November 18, 2014. (Id., ECF No. 52.) The Bankruptcy Court held oral argument on the motion to dismiss on December 18, 2014. (Id., ECF No. 54.)

On January 7, 2015, the Bankruptcy Court entered a Report and Recommendation, dismissing all of Plaintiff's claims. (Id., ECF No. 70.) Plaintiff filed a timely, but improperly labelled, objection on January 26, 2015. (Id., ECF Nos. 71, 74.) Plaintiff's proper objection was filed on February 16, 2015. (Id.,

ECF No. 78.) Defendant filed a response on February 19, 2015. (Id., ECF No. 81.)

## II. Jurisdiction & Standard of Review

A bankruptcy court's jurisdiction stems from 28 U.S.C. §§ 1334 and 157. Under 28 U.S.C. § 1334, district courts have jurisdiction over "cases under title 11," and proceedings "arising under," "arising in a case under," or "related to a case under" title 11. 28 U.S.C. § 1334(a) and (b). District courts routinely refer this jurisdiction over bankruptcy cases and proceedings to the bankruptcy courts. See 28 U.S.C. § 157(a).

Title 28 U.S.C. § 157 "permits a bankruptcy court to adjudicate a claim to final judgment in two circumstances -- in core proceedings, see § 157(b), and in non-core proceedings 'with the consent of all the parties,' § 157(c)(2)." Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25, 37 (2014). To enter a final judgment in a core proceeding, a bankruptcy court must also have constitutional authority to do so pursuant to the Supreme Court's decisions in Northern Pipeline Construction Co. v. Marathon Pipeline Co., 458 U.S. 50 (1982), Stern v. Marshall, 564 U.S. 462 (2011), and Executive Benefits. As the Supreme Court has observed, "Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims al-

5

lowance process." Stern, 564 U.S. at 499. For non-core proceedings and for core proceedings in which the bankruptcy court does not have constitutional authority to enter a final judgment, the bankruptcy court may "'hear [the] proceeding,' and then 'submit proposed findings of fact and conclusions of law to the district court.'" Exec. Benefits, 573 U.S. at 34 (quoting 28 U.S.C. § 157(c)(1)) (alterations in original). The district court reviews these proposed findings of fact and conclusions of law de novo. Id. at 2168. Under Bankruptcy Rule 9033(d), the district court need only review the portions of the bankruptcy judge's report to which there are specific written objections. Cf. Thomas v. Arn, 474 U.S. 140, 148-53 (1985) (explaining that neither the text nor the history of the provision of the Federal Magistrates Act parallel to Bankruptcy Rule 9033(d), requiring de novo review of the portions of a recommendation to which specific objections have been made, "requires [a] district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Here, the Court referred its jurisdiction under §§ 1334 and 157 to the bankruptcy court. The Bankruptcy Judge concluded that Plaintiff's Complaint constituted a non-core proceeding under Stern and submitted proposed findings of fact and conclusions of law. (See ECF No. 1 at 4.) Plaintiff makes two objec-

6

tions to the Bankruptcy Judge's Report and Recommendation: (1) the Bankruptcy Judge erred in dismissing the Fair Housing Act ("FHA") claims, and (2) the Bankruptcy Judge erred in dismissing the Tennessee Human Rights Act ("THRA") claims. (ECF No. 3 at 30 & 36.) The Court reviews the findings and conclusions to which Plaintiff has objected de novo.

**III. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550

7

U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When deciding a 12(b)(6) motion to dismiss, the court may look to "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

**IV. Analysis**
   **A. Fair Housing Act ("FHA") Claims**

The FHA forbids "discriminat[ing] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race . . . ." 42 U.S.C. § 3604(b). The statute allows any "aggrieved person" to file a civil action seeking damages for a violation of the statute. Id. §§ 3613(a)(1)(A), 3613(c)(1). The FHA defines an "aggrieved person" to include "any person who . . . claims to have been injured by a discriminatory housing practice." Id. § 3602(i).

Plaintiff argues that the Bankruptcy Judge mistakenly concluded that Plaintiff lacks standing to bring her claim. (ECF No. 3 at 31.) Plaintiff contends that she has sufficiently alleged that she is an "aggrieved person" who is entitled to bring suit under the FHA. (Id.)

Defendant responds with two arguments. First, it argues that Plaintiff's objection is insufficient because it restates her previous claims and offers no new proof that the Bankruptcy Judge erred. (ECF No. 4 at 42 (citing VanDiver v. Martin, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); Fed. R. Civ. P. 72.) Second, Defendant argues that Plaintiff's objection incorrectly characterizes the Bankruptcy Judge's conclusion. (Id. at 43.) Defendant represents that the Bankruptcy Judge did not conclude

9

that Plaintiff lacks standing.  Rather, Defendant contends that the Bankruptcy Judge concluded Plaintiff fails to allege discrimination connected with a "dwelling" as defined in the FHA. Because a "dwelling" is an essential element under § 3604(b), Defendant argues that the Bankruptcy Judge correctly decided that Plaintiff's allegations fail to state a claim.[1]

### 1.  Sufficiency of Objection

Bankruptcy Rule 9033(b) is nearly identical to Federal Rule of Civil Procedure 72(b).  The drafters of Rule 9033(b) specified that the rule "is derived from Rule 72(b) F. R. Civ. P. which governs objections to a recommended disposition by a magistrate."  Bankr. R. 9033(b) advisory committee notes.  Relying on this language, courts have decided that "'a bankruptcy court's proposed resolution should be given the same effect as a magistrate's proposed resolution as far as an adversely affected party's responsibilities are concerned.'"  Leonard v. Dorsey & Whitney LLP, 553 F.3d 609, 619 (8th Cir. 2009) (quoting In re Nantahala Vill., Inc., 976 F.2d 876, 879–80 (4th Cir. 1992)). It follows that the standard for making objections to a magistrate judge or a bankruptcy judge's findings or conclusions is the same.  Cf. id. (concluding that failure to file a timely ob-

---

[1] Defendant also argues that Plaintiff misstates certain facts. (ECF No. 4 at 44.)  The Court cannot accept Defendant's version of the facts or determine the sufficiency of the evidence at this stage of the litigation.  See Mediacom Se. LLC v. BellSouth Telecomms., Inc., 672 F.3d 396, 400–01 (6th Cir. 2012).

jection to a bankruptcy judge's findings or conclusions eliminates need for any review by the district court).

The Sixth Circuit holds that "a general or non-specific objection to a report and recommendation is tantamount to no objection at all." Stamtec, Inc. v. Anson, 296 F. App'x 518, 520 (6th Cir. 2008) (citing Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Spencer, 449 F.3d at 725. Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient. Id.

Here, Plaintiff argues that the Bankruptcy Judge confused the legal requirements for standing and discrimination under the FHA. (ECF No. 3 at 31.) The essence of Plaintiff's argument is that she has standing to bring a claim under the FHA, and thus has sufficiently pled an FHA claim. (See id. at 31-35.) Plaintiff's objection is sufficiently specific.

### 2. Failure to State an FHA Claim Under Rule 12(b)(6)

The Complaint alleges that Defendant violated 42 U.S.C. § 3604(b) "by failing to offer financing of properties owned by the Plaintiff in predominately African-American neighborhoods on as advantageous terms and conditions as offered to other borrow-

11

ers and regarding properties in other neighborhoods." (Compl. ¶ 74, In re Cole, No. 13-24387, (Bankr. W.D. Tenn.), ECF No. 35.)

The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race." 42 U.S.C. § 3604(b) (emphasis added). An essential element in establishing a claim under § 3604(b) is that the locus of discrimination be a "dwelling." The FHA defines a "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b); see also 24 C.F.R. § 100.20.

"[I]n determining whether a particular building is a dwelling or residence, the focus is on whether the individuals that are subject to discrimination use or intend to use the building as a dwelling or residence." Germain v. M & T Bank Corp., 111 F. Supp. 3d 506, 523 (S.D.N.Y. 2015) (citing cases). Determining whether a building is a "dwelling" under the FHA turns on "the function of [the] specific building for a particular plaintiff alleging discrimination under the Act." Id. If the plaintiff uses the property at issue as a commercial venture, but

does not live at the property, the plaintiff does not "use or intend to use" the property as a dwelling. See Home Quest Mortg. LLC v. Am. Family Mut. Ins. Co., 340 F. Supp. 2d 1177, 1185 (D. Kan. 2004). A non-resident owner of a dwelling can assert an FHA claim as to the property "only if the property owner is asserting that the defendant engaged in unlawful discrimination against a person or class of persons who reside or would reside in the dwelling absent the unlawful discrimination." Id.

Plaintiff's FHA claim addresses the financing of properties that she rents to tenants. (Compl. ¶ 74, In re Cole et al. v. InSouth Bank, No. 13-24387, (Bankr. W.D. Tenn.), ECF No. 35). Plaintiff does not live in any of the properties, and she is not bringing this action on behalf of her tenants. (Id. ¶ 14.) Plaintiff uses the properties at issue as commercial ventures not as a residence. The Bankruptcy Judge correctly concluded that the properties are not "dwellings" within the meaning of the FHA. See Mitchell v. Citizens Bank, No. 10-CV-569, 2011 WL 101688, at *2 (M.D. Tenn. Jan. 11, 2011) (plaintiff "failed to state a claim under the FHA because he owned the property as a commercial venture" and he was not alleging that the defendant discriminated against any of the tenants). Plaintiff fails to state a claim under § 3604(b).[2]

---

[2] Plaintiff also fails to state a claim under 42 U.S.C. § 3605.

13

Plaintiff's contention that the Bankruptcy Judge improperly concluded that she lacks standing as an "aggrieved person" to sue under § 3604(b) confuses two inquiries.  The Supreme Court "has repeatedly written that the FHA's definition of an ["aggrieved person"] reflects a congressional intent to confer standing . . . as broadly as is permitted by Article III of the Constitution."  Bank of Am. Corp. v. City of Miami, 137 S. Ct. 1296, 1303 (2017) (internal quotations omitted).  That general standing inquiry is distinct from the inquiry into what constitutes a "dwelling" under the FHA.  See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (to show Article III standing, a plaintiff must show an "injury in fact" that is "fairly traceable" to the defendant's conduct and "that is likely to be redressed by a favorable judicial decision.")  The Bankruptcy Judge made no conclusion about Plaintiff's standing.

The Court ADOPTS the Bankruptcy Judge's proposed findings of fact and conclusions of law as to Plaintiff's FHA claim. Plaintiff's FHA claim is DISMISSED without prejudice.

**B. Tennessee Human Rights Act Claims**

The Tennessee Human Rights Act ("THRA") is similar to the FHA and prohibits discrimination in the terms, conditions, and privileges of housing or in the provision of services in connection therewith on the basis of race, color, religion, sex, familial status, or national origin.  42 U.S.C. § 3604(b); Tenn.

14

Code Ann. § 4-21-601(a). Tennessee courts have held that the General Assembly intended the THRA to be coextensive with federal civil rights laws, and the Tennessee Supreme Court looks to federal interpretation for guidance in interpreting the THRA. <u>See Parker v. Warren Cty. Util. Dist.</u>, 2 S.W.3d 170, 172 (Tenn. 1999). The analysis is identical for housing discrimination claims under the FHA and the THRA.

Plaintiff's failure to state a claim under the FHA is dispositive of her THRA claim.

The Court ADOPTS the Bankruptcy Judge's proposed findings of fact and conclusions of law as to Plaintiff's THRA claim. Plaintiff's THRA claim is DISMISSED without prejudice.

### V. Conclusion

The Court ADOPTS the proposed findings of fact and conclusions of law set out by the Bankruptcy Judge in the Report and Recommendation. Plaintiff's FHA and THRA claims are DISMISSED without prejudice.

So ordered this 11th day of June, 2019.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE